UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NITV, LLC,

Plaintiff

v.

DAVID HUGHES; ROBERT MARTIN; D. GLENN
FOSTER; LAWRENCE K. RICE;
PATRICK FLOOD; JOHN WAYNE RYAN; WILLIAM
SCOTT JONES; ROBERT JENKINS; COMPUTER
VOICE STRESS TESTING & CONSULTING, INC., a
Florida corporation; INTERNATIONAL TRUTH
VERIFICATION PTY LTD, an Australian entity; VIPRE
SYSTEMS, LLC, a Florida limited liability company;
VIPRE-VOICE STRESS SALES & TRAINING, LLC, a
Florida limited liability company; INTERNATIONAL
LAW ENFORCEMENT TRAINING SOLUTIONS, LLC,
a Florida limited liability company; PATRICK J.
WAINSCOTT; and MICHAEL D. BRICK,

Defendants.

------------------------------------------------------------------------/

CASE NO.



06-81027

CIV-RYSKAMP.

MAGISTRATE JUDGE
VITUNAC

## **COMPLAINT**

Plaintiff, NITV, LLC, a Florida limited liability company ("NITV), by and through

undersigned counsel, brings this Complaint against defendants, DAVID HUGHES

("HUGHES"); ROBERT MARTIN ("MARTIN"); D. GLENN FOSTER ("FOSTER");

LAWRENCE K. RICE ("RICE"); PATRICK FLOOD ("FLOOD"); JOHN WAYNE RYAN

("RYAN"); WILLIAM SCOTT JONES ("JONES"); ROBERT JENKINS ("JENKINS");

COMPUTER VOICE STRESS TESTING & CONSULTING, INC., a Florida corporation

("CVSTC"); INTERNATIONAL TRUTH VERIFICATION PTY LTD, an Australian entity

("ITV"); VIPRE SYSTEMS, LLC, a Florida limited liability company ("VIPRE SYSTEMS");

Case 9:06-cv-81027-KAM   Document 1   Entered on FLSD Docket 11/06/2006   Page 2 of 46
*NITV, LLV v. DAVID HUGHES, et al*
*COMPLAINT*
*Page 2*

VIPRE-VOICE STRESS SALES & TRAINING, LLC, a Florida limited liability company

("VIPRE SALES"); INTERNATIONAL LAW ENFORCEMENT TRAINING SOLUTIONS,

LLC, a Florida limited liability company ("ILETS"); PATRICK J. WAINSCOTT

("WAINSCOTT"); and MICHAEL D. BRICK ("BRICK"), for injunctive relief and damages,

and in support thereof states as follows:

1.      This is an action for racketeering in violation of the Racketeer Influenced and

Corrupt Organization Act ("RICO"), 18 USC § 1962 and the Florida Civil Remedies for

Criminal Practices Act, § 772.103, Florida Statutes; Copyright infringement in violation of the

Copyright Act, 17 U.S.C. § 506; violations of the Computer Fraud and Abuse Act, 18 USC §

1030; and trade secrets theft and misappropriation under the Florida Uniform Trade Secrets Act,

§ 688.001, et seq., Florida Statutes.

2.      This Court has federal question jurisdiction over the claims set forth below

pursuant to 28 U.S.C. §§ 1331, 1338(a), 15 U.S.C. § 1121, and pendent jurisdiction.

## PARTIES

3.      Plaintiff NITV, LLC is a limited liability company with its principal place of

business in Palm Beach County, Florida.  Plaintiff is the manufacturer of the Computer Voice

Stress Analyzer system or CVSA®.  The CVSA® is the premier truth verification tool for law

enforcement and NITV is the leader in the field of voice stress analysis.

4.      Defendant HUGHES resides in Palm Beach County, Florida.  HUGHES is an

officer, director, member, manager, shareholder and/or owner of defendants, CVSTC, VIPRE

SALES, and ILETS.

5.      Defendant MARTIN resides in Seminole County, Florida.  MARTIN is an officer,

director, manager, member, shareholder and/or owner of defendants, CVSTC and ILETS.

6.      Defendant FOSTER resides in the state of Georgia.  FOSTER is an officer, director, manager, member, shareholder and/or owner of defendants, CVSTC, VIPRE SALES, and ILETS.

7.      Defendant RICE resides in Santa Rosa County, Florida.  RICE is an officer, director, manager, member, shareholder and/or owner of defendants, CVSTC, VIPRE SALES, and ILETS.

8.      Defendant FLOOD resides in the state of California.  FLOOD is an employee and/or agent of defendants, CVSTC and ITVS.

9.      Defendant RYAN resides in Australia.  RYAN is an officer, director, manager, member, shareholder and/or owner of defendant, ITV, formerly known as Australasian Truth Verification Services Pty Ltd ("ATV").

10.     Defendant JONES resides in Orange County, Florida.  JONES is  an officer, director, manager, member, shareholder and/or owner of defendant, VIPRE SYSTEMS.

11.     Defendant JENKINS resides in Seminole County, Florida.  JENKINS is an officer, director, manager, member, shareholder and/or owner of defendant, VIPRE SYSTEMS.

12.     Defendant WAINSCOTT resides in the state of Ohio.  WAINSCOTT is president of the International Association of Certified Voice Stress Analysts, Inc. ("IACVSA") and the Chairman of the Board of Directors of the Midwest Association of Certified Voice Stress Analysts ("MACVSA").  WAINSCOTT also operates a private investigations business under the name A1 Investigations.

13.     Defendant BRICK resides in the State of Florida.  BRICK is president of the Southern Association of Certified Voice Stress Analysts, Inc. ("SACVSA") and a member of the board of directors of IACVSA.

14.     Defendant COMPUTER VOICE STRESS TESTING & CONSULTING, INC. is a Florida corporation with its principal place of business in Palm Beach County, Florida.

15.     Defendant VIPRE SYSTEMS, LLC is a Florida limited liability company with its principal place of business in Orange County, Florida.

16.     Defendant VIPRE-VOICE STRESS SALES & TRAINING, LLC is a Florida limited liability company with its principal place of business in Orange County, Florida.

17.     Defendant INTERNATIONAL LAW ENFORCEMENT TRAINING SOLUTIONS, LLC is a Florida limited liability company with its principal place of business in Seminole County, Florida.

## JURISDICTION AND VENUE

18.     The defendants are subject to the personal jurisdiction of this court because during all times relevant they have either resided in Florida or they have engaged in activity subjecting them to personal jurisdiction in Florida under section 48.193, Florida Statutes, by a) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; b) committing a tortious act within this state; c) owning, using, possessing, or holding a mortgage or other lien on any real property within this state; d) causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: i) the defendant was engaged in solicitation or service activities within this state; or ii) products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use; e) breaching a contract in this state by failing to perform acts required by the contract to be performed in this state; and/or f) the defendant engaged in substantial and not isolated activity within this state.

Case 9:06-cv-81027-KAM   Document 1   Entered on FLSD Docket 11/06/2006   Page 5 of 46
*NITV, LLV v. DAVID HUGHES, et al*
*COMPLAINT*
*Page 5*

19.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (d) and under 28

USC §1400(a) because the defendants reside in this district, the defendants have transacted

business within this district, and/or a substantial part of the events giving rise to the claims

against the Defendants occurred in this judicial district.

## BACKGROUND

20.     NITV is the national leader in the field of voice stress analysis, and its computer

software, training and related services are utilized by more than 1,500 certified law enforcement

and federal agencies, including the United States military, here and abroad.

21.     Voice stress analysis is a significant investigative tool for law enforcement and

other governmental investigative agencies.  Voice stress analysis technology is based upon many

years of research that has determined the voice can be used to measure psycho-physiological

changes in brain stress activity.  When an individual is under stress the autonomic nervous

system causes inaudible changes in the voice frequency.

22.     NITV is the leader in the field of voice stress analysis.  Since 1988, NITV has

made substantial investments in research and software development to improve voice stress

analysis technology.  NITV's research has resulted in the creation of the Computer Voice Stress

Analyzer or CVSA®.

23.     The CVSA® detects, measures, quantifies, and graphically displays inaudible

changes in voice frequency.  During the course of a question and answer set, these inaudible

vocal changes can be directly correlated to stress.  Sensitive measurement employing established

questioning methodologies, testing techniques, and built in safeguards can assist investigators in

identifying deception associated with stress in the voice.

24.    NITV's reputation for producing a superior voice stress analysis system is unparalleled in the law enforcement community.  NITV markets its system under the trademark CVSA.  The CVSA® mark identifies NITV as the source of origin for a complete voice stress analysis system.

25.    The superiority of NITV'S CVSA® voice stress analysis device is practically unchallenged.  By far the largest number of law enforcement agencies that use voice stress analysis equipment use NITV'S CVSA® system.

26.    A complete CVSA® system consists of computer hardware, computer software, interviewing and interrogation techniques, and specialized training.  Unlike a polygraph, the CVSA® requires no wires be attached to the subject being tested. The CVSA® uses a microphone plugged into the computer to analyze the subject's responses. When a test subject is under stress, the automatic, or involuntary nervous system, causes an inaudible change in the human voice. The CVSA® detects, measures, and displays changes in the voice.  As the subject speaks, the computer displays each voice pattern, numbers it and saves each chart to file. Unlike the polygraph, drugs do not affect the results of the exam and there are no known counter-measures that will cause the ubiquitous "inconclusive" results associated with a polygraph.

27.    The computer hardware used in the CVSA® system is a laptop computer configured by NITV in order to meet the specifications for optimal performance with the CVSA® software.  While the computer hardware used with CVSA® can be almost any modern laptop computer, proper and effective use of the CVSA® system requires NITV to configure each laptop computer for specific use with the CVSA® system.  This requires the expenditure of time by trained personnel to properly configure and test each system.

28.     The software used with the CVSA® system was architected, written, developed, tested and compiled entirely by NITV and its consultants at NITV's expense. The NITV software used in the CVSA® system is the result of many years of development, refinement, and improvement by NITV and its consultants based upon NITV's trade secret knowledge and testing and use in real world conditions by NITV and its customers.

29.     The original CVSA® system was an analog system. Using the original CVSA® system, agencies were able to solve crimes that, in some cases, had languished for years. In other cases, individuals that were either untestable or had been called "inconclusive" on the old polygraph agreed to take a CVSA® exam and subsequently confessed to their crimes.

30.     Following the success of the analog CVSA®, NITV developed a software version and incorporated this software into a multi-functional notebook computer. The computer is a laptop computer made by one of several popular computer manufacturers and is sold by NITV with the CVSA® software. The CVSA® laptop has a large CVSA® logo affixed to the cover.

31.     The CVSA® software contained in the CVSA® laptop computer is licensed to the user pursuant to an End User License Agreement ("EULA"). The EULA limits the use of the CVSA® program to the laptop it was installed on, and prohibits the transfer of the CVSA® program and laptop computer to anyone other than the licensee.

32.     The CVSA® analyzes voice patterns produced by individuals being questioned by a CVSA® examiner. The CVSA® produces a separate voice stress pattern for each answer given by the subject. The voice stress patterns produced by the CVSA® system when combined with the scoring system developed by NITV are unique and distinctive to the CVSA® system and software program. The voice stress patterns produced by the CVSA® software program are screen displays generated by the software that contain original creative authorship.

33.     Whether or not a particular pattern exhibits voice stress to indicate whether the subject is telling the truth is determined by the examiner who interprets the CVSA® examination results.  A unique process for evaluating stress in CVSA ® voice patterns was developed by NITV and is taught exclusively by NITV in its training courses.

34.     The following graphically represents typical voice patterns produced by a CVSA® examination:



35.     The voice patterns are organized by the CVSA® software in order by question number and arranged in a voice stress chart.  The voice stress charts produced by the CVSA® and NITV's scoring process are unique to the CVSA® and an integral part of CVSA® computer voice stress analyzer software program.  The voice stress charts produced by the CVSA® software program are screen displays generated by the software that contain original creative authorship.  Below represents a typical voice stress chart produced by the CVSA® software:



36.     The voice stress patterns and charts produced by the CVSA® system are integral

parts of the CVSA® voice stress analyzer program.  The voice stress patterns and charts

produced by the CVSA® system are screen displays generated by the software that contain

original creative authorship.

37.     Specialized training is required for anyone who operates the CVSA.  The process

of analyzing and interpreting voice stress results can be a difficult and technical one.  Without

the proper training, voice stress analysis results can be easily misinterpreted.

38.     NITV has developed its own training programs for use in certifying examiners in

the use of the CVSA® and in the interpretation of CVSA® results.  The interviewing and

interrogation techniques included with the CVSA® include NITV's Defense Barrier Removal®

or DBR® technique to obtain confessions with results that are swift and dramatic. NITV's

techniques help law enforcement get to the truth and accurately identify deception, or validate

statements in the shortest possible time. NITV has trained a small number of hand-selected and specially trained certified instructors to train examiners in the use of the CVSA® and these techniques.

39.     NITV has spent in excess of several millions of dollars developing the CVSA® system, including the specialized training and techniques used with the system, which include training in interpreting the voice stress patterns and charts produced by the CVSA® system. NITV has also spent a significant amount of money to promote the use of voice stress analysis and overcome resistance among law enforcement, federal and military agencies used to relying upon polygraphers for truth detection.

40.     NITV has spent in excess of one million dollars advertising and marketing the CVSA® system. Included within the amounts expended for marketing and advertising are substantial costs incurred by NITV in connection with its educational and lobbying efforts to gain acceptance for voice stress analysis technology among law enforcement agencies and the legislatures that fund those agencies. In several states, including Florida, polygraph examiners have raised significant opposition to the use of voice stress analysis technology by law enforcement agencies for fear that these agencies will discover the advantage of the CVSA® and restrict the use of polygraph examinations. In an effort to counter the campaign against CVSA, NITV has devoted significant resources to successfully promote the use of voice stress analysis as a superior alternative to polygraph examinations. These lobbying and promotional efforts have inured to the benefit of all voice stress analysis vendors, not just NITV.

41.     Since the late 1980's, NITV has expended large sums of money and significant man hours to develop the specialized training, interviewing and interrogation techniques, and, as well as certification programs for the CVSA. There are several levels of certification in the use

of the CVSA. CVSA® examiners are required to attend courses to obtain their certification. CVSA® examiners are also required to periodically attend courses to maintain their certification, and obtain advanced certifications, in the use of the CVSA.

42.     NITV'S work includes sensitive and specialized proprietary information including, but not limited to, security products, electronic products, trade secrets, customer information, blue prints, schematics and design information. NITV has been awarded highly sensitive government contracts to provide services used for purposes of law enforcement, national security and counter terrorism.

43.     NITV's investment in research, development, education, marketing and promotion has earned it a much deserved position as the leader in voice stress analysis technology.

### CVSA® COPYRIGHT REGISTRATIONS

44.     In 2002, NITV created version 3.0.1.0 of the CVSA® system entitled "CVSA COMPUTER VOICE STRESS ANALYZER SOFTWARE PROGRAM VERSION 3.0.1.0" which is copyrightable subject matter under the Copyright Act, 17 U.S.C. §101 et seq. NITV has complied in all respects with the provisions of the Copyright Act, and on May 16, 2005 NITV registered the copyright in the CVSA® program with the United States Copyright Office, and secured Certificate of Registration No. TX-6-146-827, a copy of which is attached hereto as Exhibit A.

45.     In 2004, NITV created version 3.1.3 of the CVSA® system entitled "CVSA COMPUTER VOICE STRESS ANALYZER SOFTWARE PROGRAM VERSION 3.1.3" which is copyrightable subject matter under the Copyright Act, 17 U.S.C. §101 et seq. NITV has complied in all respects with the provisions of the Copyright Act, and on March 3, 2006 NITV

registered the copyright in the CVSA® program with the United States Copyright Office, and secured Certificate of Registration No. TX-6-376-737, a copy of which is attached hereto as Exhibit B.

46.     In 2000, NITV created version 2.2 of the CVSA® system entitled "CVSA COMPUTER VOICE STRESS ANALYZER SOFTWARE PROGRAM VERSION 2.2" which is copyrightable subject matter under the Copyright Act, 17 U.S.C. §101 et seq.  NITV has complied in all respects with the provisions of the Copyright Act, and on March 3, 2006, NITV submitted an application for registration of the copyright in Version 2.2 of the CVSA® program with the United States Copyright Office, a copy of which is attached hereto as Exhibit C.

47.     From 1989 through 2002 NITV developed the NITV Certified Examiners Course and it was completed in 2003.  The NITV Certified Examiners Course material is copyrightable subject matter under the Copyright Act, 17 U.S.C. §101 et seq.  NITV has complied in all respects with the provisions of the Copyright Act, and on September 9, 2003, NITV registered the copyright in the CVSA® Certified Examiners Course with the United States Copyright Office, and secured Certificate of Registration No. TXu-1-120-654, a copy of which is attached hereto as Exhibit D.

48.     NITV is, and at all relevant times has been, the owner of the copyrights in all versions of the CVSA computer program, the NITV Certified Examiners Course Manual, and all other works of authorship concerning the CVSA program or instructional materials.  NITV has never assigned the copyrights to any other entity.

## THE DEFENDANTS

### David Hughes

49.     Defendant HUGHES was the Executive Director of NITV from approximately

1993 through August 29, 2005 when he voluntarily abandoned his employment.

50.     Prior to becoming the Executive Director of NITV, HUGHES was a detective

with the West Palm Beach Police Department.  HUGHES' wife, Claudia Hughes, is an attorney

admitted to practice in the state of Florida.

51.     While Executive Director of NITV, HUGHES supervised all aspects of NITV's

business.

52.     While he was Executive Director of NITV, defendants MARTIN, RICE,

FOSTER, and FLOOD reported to HUGHES.  MARTIN and FLOOD were CVSA® instructors

who reported directly to HUGHES.  Defendant RICE was in close and continuous contact with

HUGHES from 2002 through 2005 as a CVSA® Sales Representative and CVSA® advocate for

the US military.  Defendant FOSTER had regular contact with HUGHES from 1995 to 2005 as

an Independent Adjunct Instructor for NITV.

53.     While he was Executive Director of NITV, defendant JENKINS consulted with

HUGHES concerning JENKINS' use of NITV'S CVSA® system in connection with JENKINS'

private investigation business.

54.     While he was Executive Director of NITV, HUGHES was responsible for

overseeing all aspects of the development of NITV'S CVSA® software.  This included

managing the development of all functionality of the CVSA® system, the method the CVSA®

system used to produce and display results of voice stress testing, security features for the

CVSA® system, and other critical aspects of the system.  NITV's contract software

programmers reported to HUGHES and took direction from HUGHES with respect to all features, functionalities, and improvements to the CVSA® system.

55.   While he was Executive Director of NITV, HUGHES was responsible for the preparation of certification and training programs in the use of the CVSA.

56.   As Executive Director of NITV, HUGHES had privileged access to sensitive and specialized proprietary information and trade secrets of NITV including, but not limited to, security products, electronic products, trade secrets, customer information, blueprints, schematics and design information, software source code, passwords and security devices, computer files and other information that is the property of NITV.

57.   Defendant HUGHES also had access to formulas, algorithms, patterns, compilations, programs, devices, methods, techniques and processes that derive independent economic value from not being generally known and not readily ascertainable by others.

58.   Defendant HUGHES had intimate knowledge of the NITV'S CVSA® software program and all of its versions.  HUGHES had knowledge of the security measures taken to protect the CVSA® software from infringement, and how those security measures could be circumvented.  HUGHES had access to passwords and software programs to generate passwords in order to activate CVSA® software for both licensed and unlicensed use.

59.   HUGHES was responsible for protecting and safeguarding NITV'S trade secrets while he was Executive Director.  HUGHES supervised all matters relating to the security of NITV'S physical facilities and the dissemination of information, both public and non-public, to NITV employees, contractors, and third-parties.

60.   While he was Executive Director, HUGHES procured non-disclosure agreements from NITV'S employees and contractors so that NITV would have a written record of the agreement of its employees and contractors to maintain the secrecy of its trade secrets.

61.   While Executive Director, HUGHES procured agreements not-to-compete with NITV from NITV'S employees and contractors in order to protect NITV from unfair competition should an employee or contractor cease working for NITV.  The expressed purposes for the non-competition agreements were to protect Plaintiff's valuable confidential business or professional information, protect its substantial relationships with prospective or existing customers, protect its customer goodwill associated with its ongoing business practice, and the extraordinary or specialized training required for NITV instructors.

62.   NITV has a legitimate business interest in protecting its trade secrets, valuable and confidential business and professional information, substantial relationships with existing and prospective clients, and extraordinary and specialized training materials and processes.

63.   NITV'S trade secrets are extremely valuable and sensitive.  NITV'S CVSA® software program is subject to U.S. Department of Commerce export controls.  NITV'S CVSA® program requires protection against unauthorized disclosure for reasons of national defense.

64.   Because of his position as executive director of NITV, all of the materials Hughes developed for CVSA® training are the property of NITV.  The CVSA® training materials developed by Hughes contain NITV trade secrets.

65.   During the long period of time that he served as Executive Director, HUGHES used his unfettered access to NITV'S trade secrets to amass a collection of CD ROMS, DVD ROMS, video tapes and floppy discs containing proprietary and confidential information and

files belonging to NITV.  HUGHES kept these trade secrets in his home without authorization and without disclosing his practice of taking NITV trade secrets to his home to anyone at NITV.

66.     Prior to his abrupt departure from his position as Executive Director, HUGHES planned his exit from NITV.

67.     HUGHES intended to establish a business in competition with NITV.  However, there were several impediments to doing so.  Among these was an agreement not-to-compete that HUGHES had entered into with NITV that prohibited HUGHES from establishing a business in competition with NITV.  Another impediment was the proprietary nature of NITV'S CVSA® software which required HUGHES to obtain licenses if he were to use it in connection with a new business.  Another impediment was that much of the CVSA® training material HUGHES would need to use in his new business was proprietary and the trade secrets of NITV.  Another impediment was that he would need experienced voice stress analysis instructors to provide training for any new business he would establish, but most if not all of the experienced voice stress analysis instructors were under non-competes with NITV.

68.     HUGHES, on his own and with the assistance of other defendants herein, began developing plans to overcome these impediments.

69.     With respect to the first impediment, his agreement not-to-compete with NITV, HUGHES simply removed the document from his personnel file at NITV and destroyed it.  Since Florida law requires covenants not-to-compete be in writing to be enforceable, and since his wife is a lawyer, HUGHES knew that by destroying his non-compete with NITV it would be extremely difficult, if not impossible, for NITV prevent HUGHES from competing without being able to produce a signed non-compete document.  An action is currently pending against HUGHES in Palm Beach County Circuit Court entitled *NITV, LLC v. David Hughes,* Case No.

50 2005 CA 008928, in which NITV seeks, among other things, to reestablish the written covenant not-to-compete signed HUGHES and enforce it against him.

70.     HUGHES confronted the second impediment, the proprietary nature of NITV'S copyrighted CVSA® software, in several different ways.  For example, HUGHES attempted to create his own voice stress analysis software system, and in the fall of 2005, he met with a software engineer for the purpose of duplicating NITV's CVSA® software.  In 2006, Hughes stated publicly that he reviewed over 25,000 voice patterns in the development of the VIPRE, thus helping VIPRE SYSTEMS create infringing versions of NITV'S CVSA® voice stress analysis software.  HUGHES has been selling or recommending for sale software that infringed on NITV'S copyright for its CVSA® software including the GVSA and VIPRE, and committing direct infringement of NITV'S copyrights by copying the CVSA® software without authorization of NITV.

71.     With respect to the last two impediments, HUGHES simply stole NITV'S trade secrets and persuaded some of NITV's instructors to join him.

### Robert Martin

72.     Robert Martin was an NITV independent contract instructor until December 2005 when he voluntarily and unexpectedly terminated his relationship with NITV to join HUGHES. While he was an NITV independent contract instructor, MARTIN reported directly to HUGHES.

73.     On or about January 30, 2004, MARTIN entered into an Instructor Agreement with NITV (the "MARTIN Agreement").  The MARTIN Agreement makes clear that MARTIN is an independent contract instructor of NITV.  MARTIN has admitted and agreed on numerous occasions to being an independent contract instructor of NITV.

74.     The MARTIN Agreement contains a covenant not to compete in section 5 entitled

"Exclusivity," and a non-disclosure agreement in section 7 entitled "Trade Secrets and

Confidential Information."  The express purpose of the Trade Secrets and Confidential

Information section was to protect trade secrets and other confidential information of NITV.  The

restrictive covenants contained in the Exclusivity section are reasonably necessary to protect

NITV' s legitimate business interests.

### D. Glenn Foster

75.     D. Glenn Foster was an NITV independent adjunct instructor until January 2006

when he voluntarily and unexpectedly terminated his relationship with NITV to join HUGHES.

While he was an NITV independent contract instructor, FOSTER coordinated his NITV-related

activities with HUGHES.

### Lawrence K. Rice

76.     Lawrence K. Rice was an NITV independent sales representative and CVSA®

advocate until August 2005 when he voluntarily terminated his relationship with NITV to join

HUGHES.  While he was an NITV independent sales representative, RICE reported to

HUGHES.

### Patrick Flood, John Wayne Ryan and ITV

77.     Defendant FLOOD is a former independent contractor instructor of NITV.  Flood

joined NITV in 1994 and became a certified instructor in the use of the CVSA® in 1995. In

January 2004, FLOOD voluntarily terminated his relationship with NITV.  While he worked for

NITV, FLOOD reported directly to HUGHES.

78.     Defendant RYAN is the principal of ITV.  ITV is a competitor of NITV.  ITV

engaged in copyright infringement in Australia to create a pirated version of NITV's CVSA®

software.  RYAN sells his pirated version of the CVSA® under the name "Global Voice Stress

Analyzer" or GVSA.  Defendant FLOOD has worked for RYAN and ITV since is abrupt

departure from NITV.

79.     In or around November, 2002, NITV was approached, unsolicited, by Defendant

RYAN who enrolled in one of NITV's introductory courses in the use of the CVSA® and

interrogation techniques.  RYAN claimed to own a security company in Australia called

Australian Truth Verification Services Pty Ltd ("ATV"), and indicated that he wished to become

a distributor of the CVSA® in and around Australia.  ATV later changed its name to

International Truth Verification Systems Pty Ltd. ("ITV").

80.     Thereafter, RYAN and NITV entered into an agreement appointing ATV as an

exclusive NITV distributor in Australia and several surrounding countries..  In addition, ATV,

through RYAN, ordered, purchased from and took possession of 10 CVSA® units from NITV

containing Version 3.0.1.7 of the CVSA® software, and made arrangements for its employees in

Australia to be trained by Plaintiff in their use.  In addition, RYAN and ATV entered into an End

User License Agreement ("EULA") in connection with their purchase of the 10 CVSA® units.

However, during RYAN's and ATVS' sixteen-month relationship with NITV, in which RYAN

served as Sales Agent for Plaintiff, RYAN and ATV did not sell any Products.

81.     In or around February 2003, FLOOD, as NITV's employee, traveled to Australia

from the United States to train RYAN's employees.  Upon information and belief, it was at this

time that FLOOD and RYAN began conspiring to establish a business enterprise in competition

with NITV using a pirated copy of NITV's CVSA® Program.

82.     FLOOD left NITV's employ in January 2004.  Thereafter, RYAN's website began

listing FLOOD as a Senior Instructor and U.S. representative for ATV.

83.     In or around April 2004, ATV officially changed its name to ITV.  Some time on or before June 2004, RYAN began selling his own voice stress analysis equipment in direct competition with Plaintiff.  ITV established a website at WWW.ITVS.BIZ.  On the website, ITV claims to be the sole manufacturer of a "new" form of voice stress analysis equipment known as the Global Voice Stress Analyzer ("GVSA").

84.     The GVSA is an infringement of NITV's copyright for the CVSA.  On December 8, 2005, NITV filed an action in the Southern District of Florida entitled *NITV, LLC v. John Wayne, Ryan, Patrick Flood, and International Truth Verification Systems Pty Ltd*, Cas. No. 05-81106 Marra/Seltzer for copyright infringement, trademark infringement, cyberpiracy, and state law claims.

85.     The GVSA is sold in violation of the EULA entered into between RYAN and ITV and NITV.

86.     FLOOD and RYAN continue to be in the business of selling the GVSA.  Recently, FLOOD and RYAN renamed the GVSA as the Forensic Voice Stress Analyzer or FVSA.

87.     At various times since August of 2005, HUGHES, MARTIN, WAINSCOTT, and CVSTC have also offered for sale, recommended for sale, and sold the GVSA.

### Computer Voice Stress Testing & Consulting, Inc.

88.     On September 12, 2005, HUGHES formed defendant CVSTC.  During all relevant times herein, HUGHES, MARTIN, FOSTER, RICE and FLOOD have been members and/or member/managers and/or agents of CVSTC.  HUGHES, MARTIN, FOSTER, RICE and FLOOD all knew each other from their prior work for NITV.

89.     Prior to forming CVSTC, HUGHES, MARTIN, RICE and FLOOD, wrongfully removed from NITV's possession, without the consent of NITV, proprietary, confidential and trade secret information belonging to NITV, including, but not limited to, versions of the CVSA® software application, copyrighted CVSA® screen displays, and course materials related to CVSA® training.

90.     CVSTC has been used by HUGHES, MARTIN, FOSTER, RICE and FLOOD as a vehicle to infringe on the plaintiff's copyrights, to circumvent technological measures in the CVSA® software program, to violate the Computer Fraud and Abuse Act, to commit trademark infringement in violation of the Lanham Act, and to commit trade secrets theft.

91.     CVSTC held a CVSA® examiner's course on March 13, 2006 through March 17, 2006 in Carrollton, Georgia.  At that course, HUGHES and MARTIN committed copyright infringement by copying NITV's copyrighted CVSA® software program onto two laptop computers, and by using NITV's copyrighted materials regarding the CVSA in the examiner's course they presented.  On July 27, 2006, the United States District Court, Southern District of Florida, Magistrate Judge Hopkins, issued a Report and Recommendation in *NITV, LLC v. Computer Voice Stress Testing & Consulting, Inc., David Hughes, and Robert Martin,* Case No. 06-80299-Civ-Hurley/Hopkins, recommending that a preliminary injunction be entered against CVSTC, HUGHES and MARTIN for copyright infringement of NITV's CVSA® software program and training course materials.  On October 3, 2006, the Judge Hurley adopted the decision and confirmed the entry of the injunction.

92.     At the Carrollton, Georgia course, MARTIN and HUGHES stated that they were in the process of creating their own version of the CVSA® software and had a foreign investor to fund the business.  MARTIN and HUGHES also discussed that CVSA's could be obtained from

RYAN, and that they could help a student purchase one of Mr. RYAN's CVSA's. MARTIN and HUGHES also mentioned the CVSA's for sale by RYAN had the latest version of the CVSA® software installed, a version which RYAN had no access to since the CVSA® sale to RYAN occurred in 2002.

### William Scott Jones

93.    Defendant JONES is an officer, director and shareholder of ITRAX Group, Inc., a Florida corporation ("ITRAX"). ITRAX is a member-manager of Defendant VIPRE Systems LLC, a Florida limited liability company ("VIPRE SYSTEMS"). JONES is an officer of VIPRE SYSTEMS. At all relevant times, JONES was the registered agent of VIPRE SYSTEMS. JONES is also known as W. Scott Jones or Scott Jones.

### Robert Jenkins

94.    Defendant JENKINS is the owner of a private investigative agency variously known as Jenkins & Associates and Confidential Investigative Services, Inc. Jenkins & Associates/Confidential Investigative Service was a long time customer of NITV and owns one or more CVSA® voice stress analysis systems. JENKINS is an officer of VIPRE SYSTEMS.

### Vipre Systems, LLC

95.    Defendant VIPRE SYSTEMS was formed in or about July of 2006. VIPRE SYSTEMS is the manufacturer of voice stress analysis software sold as part of a system installed on a laptop computer and called "VIPRE."

96.    VIPRE SYSTEMS' offices are located at 1417 North Samoran Blvd., Suite 209, Orlando, Florida 32807 in the same location as the offices of VIPRE SALES.

### Vipre-Voice Stress Sales & Training, LLC

97.     Defendant VIPRE SALES was formed by HUGHES in August of 2006 to act as the exclusive US sales agent for the VIPRE.  Pursuant to an agreement between VIPRE SYSTEMS and VIPRE SALES, VIPRE SALES is the exclusive sales agent in the United States for the VIPRE.

98.     HUGHES is a member-manager of VIPRE SALES.  During all relevant times herein, HUGHES, FOSTER and RICE have been members and/or member/managers and/or agents of VIPRE SALES.

99.     VIPRE SALES' offices are located in the same location and office suite as the offices of VIPRE SYSTEMS. at 1417 North Samoran Blvd., Suite 209, Orlando, Florida 32807.

### International Law Enforcement Training Solutions, LLC

100.    Defendant ILETS was formed by HUGHES, MARTIN, FOSTER and RICE.

101.    During all relevant times herein, HUGHES, MARTIN, FOSTER and RICE have been members and/or member/managers and/or agents of ILETS.

102.    ILETS offices are located in MARTIN'S home.

103.    MARTIN and HUGHES claim that ILETS does not provide training in the use of the CVSA.  However, upon information and belief, ILETS was created by HUGHES, MARTIN, FOSTER and RICE in order to provide international training for and engage in international sales of the VIPRE.

### Patrick J. Wainscott

104.    WAINSCOTT is President of the International Association of Certified Voice Stress Analysis, Inc. ("IACVSA").  IACVSA® is a not-for-profit corporation.  IACVSA® is made up of representatives from regional voice stress analysis organizations including the

Midwest Association of Certified Voice Stress Analysts ("MACVSA"), and the Southern

Association of Certified Voice Stress Analysts, Inc. ("SACVSA") and runs his own business

conducting voice stress examinations.

105.    WAINSCOTT is also chairman of the board of directors of the MACVSA.

106.    VIPRE SALES advertised and sponsored a class entitled "Voice Stress Analysis

Advanced / Re-certification Class" scheduled for October 23-27, 2006 in Cape May, New Jersey.

The class instructor was HUGHES.  The class was also sponsored by the IACVSA and was to

include a demonstration of the VIPRE.  The telephone number given to register belonged to

WAINSCOTT.

107.    At all times relevant herein, WAINSCOTT has been engaged in the development,

promotion, offering for sale, and sale of voice stress analysis software and training programs that

infringe upon NITV's copyright in the CVSA, including the GVSA and the VIPRE.

108.    Upon information and belief, WAINSCOTT has represented himself as an agent

of VIPRE SYSTEMS and/or VIPRE SALES, and has advertised, marketed, promoted and

offered for sale the VIPRE.

109.    At all times relevant herein, WAINSCOTT has represented himself as an agent of

ITV, and has advertised, marketed, promoted and offered for sale the GVSA.

### Michael D. Brick

110.    BRICK is the president of the Southern Association of Certified Voice Stress

Analysts, Inc. ("SACVSA").  SACVSA® is a not-for-profit corporation.  BRICK is also a

member of the board of directors of IAVSA.

111.    After abandoning his employment with NITV and misappropriating NITV'S trade

secrets, HUGHES was appointed to the board of directors of SACVSA.  As a member of the

board of directors of SACVSA, HUGHES used his influence to cause SACVSA to advertise, market, promote and offer for sale the VIPRE made by VIPRE SYSTEMS, as well as the services of VIPRE-SALES, ILETS and CVSTC.

112.    WAINSCOTT and BRICK have used their influence as presidents of regional voice stress analyst associations and members of the board of directors of the IAVSA to cause the IAVSA, MACVSA and SACVSA to advertise, market, promote and offer for sale the VIPRE made by VIPRE SYSTEMS, as well as the services of VIPRE-SALES, ILETS and CVSTC.

## VIPRE

113.    According to the website at www.vipresystems.com, VIPRE stands for "Vagosympathetic Instrument Processors for Reactive-Stress Examinations."  VIPRE is a voice stress analysis device like the CVSA® and is being sold in competition with NITV's CVSA® device.

114.    The VIPRE product, manufactured by VIPRE SYSTEMS, and marketed by VIPRE SALES, infringes upon NITV's copyright in the CVSA® software program, source code, screen displays and output.

115.    The training materials for the VIPRE product, developed by VIPRE SYSTEMS, VIPRE SALES, and ILETS, infringe upon NITV's copyright in the CVSA® software, training materials and screen displays.

116.    VIPRE is a copy of the CVSA, an unauthorized reproduction of the CVSA, and/or a derivative work of the CVSA.

117.    NITV, as the owner of the copyright in and to the CVSA, has the exclusive rights under The Copyright Act to reproduce the CVSA, prepare derivative works based on the CVSA, and to distribute copies of the CVSA.

118.    HUGHES participated in the development of VIPRE by supplying VIPRE
SYSTEMS with NITV's trade secret information including trade secrets and proprietary
information regarding the CVSA®.

119.    HUGHES obtained trade secret information of NITV through illegal means
including by circumventing systems designed to protect NITV's trade secret information, and by
knowingly and with intent to defraud accessing a protected computer belonging to NITV without
authorization of NITV, and by means of such conduct obtained NITV's trade secret information
including its copyrighted CVSA® software.

120.    VIPRE SYSTEMS solicited and accepted HUGHES' assistance with respect to
the development of VIPRE and the training programs provided with VIPRE.

121.    JENKINS and JONES solicited HUGHES' assistance for the development of
VIPRE knowing that HUGHES possessed valuable trade secrets of NITV concerning the
CVSA® that could be used in the development of VIPRE to NITV's detriment.

122.    HUGHES agreed to assist JENKINS and JONES with the development of
VIPRE.

123.    HUGHES, along with FOSTER and RICE, formed VIPRE SALES in order to
offer for sale and sell VIPRE.

124.    HUGHES, along with MARTIN, FOSTER and RICE, formed ILETS in order to
offer sales and training of the VIPRE in the international market.

125.    WAINSCOTT and BRICK conspired with HUGHES, MARTIN, FOSTER,
RICE, FLOOD, JENKINS, and JONES to promote the use of VIPRE through the organizations
that WAINSCOTT and BRICK control.

126.   When VIPRE SYSTEMS produced VIPRE using NITV'S copyrighted works and trade secret information it did so for purposes of commercial advantage or private financial gain.

127.   NITV has retained the undersigned attorneys and have agreed to pay them a reasonable fee therefore.

128.   All conditions precedent to the bringing of this action have occurred or have been waived.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**AGAINST**
**VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES**

129.   The allegations of paragraphs 1 through 128 are incorporated herein by reference with the same force and effect as if set forth in full below.

130.   This claim arises under the Copyright Laws of the United States, 17 USC §101, *et seq.*

131.   The defendants VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES have reproduced, adapted and distributed NITV's copyrighted CVSA® software, software manual and training materials.

132.   At no time has plaintiff authorized defendants VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES to reproduce, adapt or distribute NITV's copyrighted CVSA® software, software manual and training materials.

133.   NITV has been damaged by the defendants' VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES conduct described herein.

134.   Unless enjoined and restrained, defendants' VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES conduct threatens to further infringe plaintiff's copyright interests.

135.    NITV will continue to suffer irreparable harm as a result of the defendants'
VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES conduct unless an
injunction is entered prohibiting defendants, their officers, directors, agents, employees,
representatives and all persons acting in concert with them from engaging in further acts of
copyright infringement.

136.    Plaintiff is without an adequate remedy at law.

137.    Plaintiff is entitled to recover damages from defendants VIPRE SYSTEMS,
VIPRE SALES, HUGHES, JENKINS and JONES for the plaintiff's actual damages and any
additional profits of the Defendant under 17 U.S.C. § 504 (a)(1) or, in the alternative, is entitled
to an award of statutory damages under 17 U.S.C. § 504(a)(2).

138.    Plaintiff is further entitled to recover its costs of bringing this action and its
attorney's fees under 17 U.S.C. § 505.

## COUNT II
## COMPUTER FRAUD AND ABUSE ACT
## AGAINST
## VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES

139.    The allegations of paragraphs 1 through 128 are incorporated herein by reference
with the same force and effect as if set forth in full below.

140.    In the course of engaging in the activity described in this complaint, defendants
VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES knowingly and with
intent to defraud accessed a protected computer belonging to NITV without authorization of
NITV, and by means of such conduct furthered the intended fraud and obtained NITV's
copyrighted CVSA® software which is valued at more than $5,000, in violation of 18 USC
§1030.

141.    NITV's protected computer accessed by defendants is used in interstate commerce and communications.

142.    Plaintiff has been damaged by defendants' VIPRE SYSTEMS, VIPRE SALES, HUGHES, JENKINS and JONES unauthorized access.

143.    Plaintiff is entitled to recover from the defendants compensatory damages for defendants' unauthorized access.

**COUNT III**
**TRADE SECRETS THEFT**
**AGAINST**
**HUGHES, MARTIN, RICE, FLOOD, JENKINS and JONES**

144.    The allegations of paragraphs 1 through 128 are incorporated herein by reference with the same force and effect as if set forth in full below.

145.    The CVSA® software is the property of NITV.

146.    The CVSA® software is a trade secret.

147.    NITV has protected its trade secrets in the CVSA® software from disclosure to the public by incorporating technological measures that effectively controls access to NITV's trade secrets in the software.

148.    Defendants HUGHES, MARTIN, RICE, FLOOD, JENKINS and JONES have misappropriated Plaintiff's proprietary, confidential and trade secret information, including, but not limited to, the CVSA® software.

149.    Defendants HUGHES, MARTIN, RICE, FLOOD, JENKINS and JONES have willfully and maliciously misappropriated from NITV, without NITV's consent, proprietary, confidential and trade secret information, including, but not limited to, the CVSA® software.

150.    Upon information and belief, defendants HUGHES, MARTIN, RICE, FLOOD, JENKINS and JONES are using NITV's trade secrets, including but not limited to the CVSA® software, for unauthorized purposes.

151.    As a result of defendant's HUGHES, MARTIN, RICE, FLOOD, JENKINS and JONES actions described herein, Plaintiff NITV has suffered damages which it is entitled to recover from defendants including NITV's actual loss caused by defendants' misappropriation, and the unjust enrichment to defendants caused by their misappropriation that is not taken into account in computing NITV's actual loss.

152.    Defendants HUGHES, MARTIN, RICE, FLOOD, JENKINS and JONES continue to misappropriate Plaintiff's proprietary, confidential and trade secret information, and as a result Plaintiff is without an adequate remedy at law.

## COUNT IV
## CIVIL RICO
## AGAINST ALL DEFENDANTS

153.    The allegations of paragraphs 1 through 128 are incorporated herein by reference with the same force and effect as if set forth in full below.

154.    In violation of 18 U.S.C. § 1962(c), defendants, all persons as defined in RICO, employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, commencing in August of 2005, conducted or participated, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

155. The RICO enterprise consists of an association between the following individuals and entities: HUGHES, JENKINS, JONES, MARTIN, FOSTER, RICE, FLOOD, RYAN, WAINSCOTT, BRICK, CVSTC, VIPRE SYSTEMS, VIPRE VOICE and ILETS.

156. The RICO enterprise is an enterprise engaged in and affecting interstate commerce by virtue of purchases of goods and services from out of state, sales of goods to individuals and entities out of state, and performance of services out of state.

157. The affairs of the RICO enterprise have been and are conducted through a pattern of racketeering activity.

158. The pattern of racketeering activity engaged in by the RICO enterprise included at least two acts of criminal infringement of NITV'S copyright in its CVSA® software program in violation of 17 USC § 506(a) as criminalized by 18 USC § 2319.

159. In addition, in furtherance of defendants' scheme to infringe upon the copyright in the CVSA® owned by NITV, defendants utilized the United States mails, and the wires in violation of 18 U.S.C. §§ 1341 and 1343.

160. These mailings, use of the telephone, use of the internet, and acts of willful infringement constitute a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(1), (5).

## COUNT V
## CIVIL REMEDIES FOR CRIMINAL PRACTICES
## AGAINST ALL DEFENDANTS

161. The allegations of paragraphs 1 through 128 are incorporated herein by reference with the same force and effect as if set forth in full below.

162. In violation of § 772.103, Florida Statutes, defendants employed by or associated with an enterprise, conducted or participated, directly or indirectly, in the conduct of such

enterprise's affairs through a pattern of criminal activity.

163.    The enterprise consists of an association between the following individuals and entities: HUGHES, JENKINS, JONES, MARTIN, FOSTER, RICE, FLOOD, RYAN, WAINSCOTT, BRICK, CVSTC, VIPRE SYSTEMS, VIPRE VOICE and ILETS.

164.    The affairs of the enterprise have been and are conducted through a pattern of criminal activity.

165.    The pattern of criminal activity engaged in by the enterprise included at least two offences against NITV's intellectual property in violation of § 815.04, Florida Statutes.

166.    These offences constitute a "pattern of criminal activity" as defined in § 772.102, Florida Statutes.

## RELIEF REQUESTED

WHEREFORE, NITV prays this Court enter judgment for NITV and against the Defendants for:

### AS TO COUNT I (COPYRIGHT INFRINGEMENT):

a.    A temporary restraining order, preliminary and permanent injunction enjoining and restraining defendants and all persons acting in concert with them from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling NITV's copyrighted CVSA® software, software manual and training materials, or any derivatives thereof, and to deliver up to be impounded during the pendency of this action all copies of said software, software manual and training materials, all computers on which said software, software manual

and training materials were installed, and all such materials and means for producing same in defendants' possession or control for destruction or other reasonable disposition.

b.     Actual damages and defendants' profits in an amount to be determined at trial, plus interest, or, in the alternative, statutory damages of the maximum of $150,000 per willful infringement.

c.     An accounting of all gains, profits and advantages derived by defendants by said infringement of plaintiff's copyright or such damages as to the court shall appear proper within the provisions of the copyright statutes.

d.     The plaintiff's reasonable attorney's fees and costs of this action to be allowed to the plaintiff by the court.

e.     Such other and further relief as is just and proper.

## AS TO COUNT II (COMPUTER FRAUD AND ABUSE ACT):

a.     Plaintiff's actual damages including its economic loss resulting from defendants' unauthorized access to plaintiff's protected computer.

b.     The plaintiff's reasonable attorney's fees and costs of this action to be allowed to the plaintiff by the court.

c.     Such other and further relief as is just and proper.

## AS TO COUNT III (TRADE SECRETS THEFT):

a.     A temporary restraining order, preliminary and permanent injunction enjoining and restraining defendants and all persons acting in concert with them from further misappropriation of NITV's trade secrets and to deliver

up and return all NITV trade secret materials in defendants' possession or control.

b.      The plaintiff's reasonable attorney's fees and costs of this action.

c.      Such other and further relief as is just and proper.

## AS TO COUNT IV (RICO):

a.      A temporary restraining order, preliminary and permanent injunction enjoining and restraining defendants and all persons acting in concert with them from further conduct of the RICO conspiracy as alleged herein;

b.      Plaintiff's actual damages trebled.

c.      The plaintiff's reasonable attorney's fees and costs of this action to be allowed to the plaintiff by the court.

d.      Such other and further relief as is just and proper.

## AS TO COUNT V (CIVIL REMEDIES FOR CRIMINAL PRACTICES):

a.      A temporary restraining order, preliminary and permanent injunction enjoining and restraining defendants and all persons acting in concert with them from further conduct of the enterprise as alleged herein;

b.      Plaintiff's actual damages trebled.

c.      The plaintiff's reasonable attorney's fees and costs of this action to be allowed to the plaintiff by the court.

d.      Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED this ____ day of November, 2006.

Respectfully submitted,

SEIDEN, ALDER & MATTHEWMAN, P.A.
Attorneys for NITV, LLC
2300 Glades Road, Suite 340W
Boca Raton, FL 33431
561-416-0170
561-416-0171 (fax)

By: _____
JOEL ROTHMAN
FBN: 98220
RONALD S. NISONSON
FBN: 79405
YASIR BILLOO
FBN: 718351

⬏JS 44   (Rev. 11-05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

NITV, LLC.

**DEFENDANTS**

DAVID HUGHES, et. al.

**MAGISTRATE JUDGE VITUNAC**

CIV-RYSKAMP

**(b)** County of Residence of First Listed Plaintiff   Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Joel B. Rothman, Esq., Seiden, Alder & Matthewman, P.A., 2300 Glades Road, Suite 340W, Boca Raton, FL 33431
561-416-0170

Attorneys (If Known)

See Attachment

**06-81027**

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

9:06CV 81027-Ryskamp
Vitunac

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) | | | |
|---|---|---|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☑ 3  Federal Question (U.S. Government Not a Party) | | PTF  DEF | | PTF  DEF |
| | | Citizen of This State | ☐ 1   ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4   ☐ 4 |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2   ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5   ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3   ☐ 3 | Foreign Nation | ☐ 6   ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

| **V. ORIGIN** (Place an "X" in One Box Only) | | | | | | Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Re-filed- (see VI below) | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 |

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☑ YES ☐ NO

JUDGE See Attachment    DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

18 USC § 1962 Rico; 17 USC § 506 Copyright; 18 USC 1030CFAA

LENGTH OF TRIAL via  10  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   11/3/06

FOR OFFICE USE ONLY

AMOUNT  360.00   RECEIPT #  538615

David Hughes' Attorney:                    Rebecca Couts Cavendish, Esq.
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Dr., Suite 500E
West Palm Beach, FL 33401
561-650-0539

Computer Voice Stress
Testing & Consulting, Inc's
Attorney:                    Rebecca Couts Cavendish, Esq.
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Dr., Suite 500E
West Palm Beach, FL 33401
561-650-0539

Robert Martin's Attorney:          Rebecca Couts Cavendish, Esq.
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Dr., Suite 500E
West Palm Beach, FL 33401
561-650-0539

Robert Martin's Attorney:          Arthur Schofield, Esquire
Arthur T. Schofield, P.A.
Via Jardin, Suite 207
330 Clematis Street
West Palm Beach, Florida 33401
561-655-4211

International Truth Verification
Systems Pty, LTD's Attorney:        Scott W. Zappolo, Esquire
Watterson, Eavenson & Zappolo
4100 RCA Blvd., Suite 100
Palm Beach Gardens, FL 33410
(561) 627-5000

John Wayne Ryan's Attorney:       Scott W. Zappolo, Esquire
Watterson, Eavenson & Zappolo
4100 RCA Blvd., Suite 100
Palm Beach Gardens, FL 33410
(561) 627-5000

Patrick Flood's Attorney:          Scott W. Zappolo, Esquire
Watterson, Eavenson & Zappolo
4100 RCA Blvd., Suite 100
Palm Beach Gardens, FL 33410
(561) 627-5000

NITV, LLC v. John Wayne, Ryan, Patrick Flood, and International Truth Verification Systems Pty Ltd, Case No. 05-81106 Marra/Seltzer

NITV, LLC v. Computer Voice Stress Testing & Consulting, Inc., David Hughes, and Robert Martin, Case No. 06-80299-Civ-Hurley/Hopkins

Robert Martin v. NITV, LLC., Case No. 06-80667-CIV-RYSKAMP-VITUNAC

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**C** **Form TX**
For a Nondramatic Literary Work

REGI **TX 6 – 146 – 827**

*TXU00061146827*

☐ TX      ☐ TXU

**EFFECTIVE DATE OF REGISTRATION**

MAY 16, 2005

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**
TITLE OF THIS WORK ▼
CVSA COMPUTER VOICE STRESS ANALYZER SOFTWARE PROGRAM VERSION 3 0 1 0

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared    Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2** **a**
NAME OF AUTHOR ▼
DINO GERARDO

DATES OF BIRTH AND DEATH
Year Born ▼  1971    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U S A
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**
NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**
NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed ▼

**3** **a**
YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given
2002  ◄ Year in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ JUNE  Day ▶ 1  Year ▶ 2002
U.S.A.  ◄ Nation

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
NITV, LLC
11400 FORTUNE CIRCLE
WEST PALM BEACH, FL 33414

See instructions before completing this space

APPLICATION RECEIVED
May 16 2005
ONE DEPOSIT RECEIVED
May 16 2005
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
BY AGREEMENT

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this
• See detailed instructions    • Sign the form at line 8


EXHIBIT
A

DO NOT WRITE HERE
Page 1 of ___ pages

\*Deposit consists of source code only.

| EXAMINED BY *JRP* | | FORM TX |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by this author as copyright claimant
c ☐ This is a changed version of the work, as shown by space 6 on this application
If your answer is "Yes," give: Previous Registration Number ▶             Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

**a**

**6**

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**b**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼                                          Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

**b**

Kevin P  Crosby, Esq
200 E  Las Olas Blvd , Suite 1900
Fort Lauderdale, FL 33301

Area code and daytime telephone number ▶ (954) 522-2200          Fax number ▶ (954) 522-9123
Email ▶ Kevin crosby@brinkleymcnerney com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☑ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date
DR  CHARLES HUMBLE                                          Date ▶ 3/4/05

Handwritten signature (X) ▼
X _____

| Certificate will be mailed in window envelope to this address | Name ▼ Kevin P  Crosby, Esq |
|---|---|
| | Number/Street/Apt ▼ 200 E  Las Olas Blvd , Suite 1900 |
| | City/State/ZIP ▼ Fort Lauderdale, FL 33301 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1 Application form
2 Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3 Deposit material
**MAIL TO:**
Library of Congress
Copyright Office   TX
101 Independence Avenue, S E
Washington, D C 20559-6222

**9**

\*17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application  shall be fined not more than $2,500

Rev July 2003—xxx   Web Rev July 2003   ⊕ Printed on recycled paper                    U S Government Printing Office  2000-461 113/20,021

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**TX 6-376-737**

EFFECTIVE DATE OF REGISTRATION

2/7/06

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** **TITLE OF THIS WORK ▼**
CVSA COMPUTER VOICE STRESS ANALYZER SOFTWARE PROGRAM VERSION 3.1.3

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:   **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

---

**2**
**a** **NAME OF AUTHOR ▼**
DINO GERARDO

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1971   Year Died ▼

Was this contribution to the work a "work made for hire"?   ☐ Yes   ☑ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ► U.S.A.
      Domiciled in ►

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☑ No
Pseudonymous?   ☐ Yes   ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
COMPUTER PROGRAM

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?   ☐ Yes   ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ►
      Domiciled in ►

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?   ☐ Yes   ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ►
      Domiciled in ►

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**
**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2004

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month May   Day 6   Year 2004
Nation U.S.A.

---

**4** **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
NITV LLC
11400 FORTUNE CIRCLE
WEST PALM BEACH, FL 33414

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
BY AGREEMENT

APPLICATION RECEIVED
MAR 03 2006
ONE DEPOSIT RECEIVED
MAR 03 2006
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

---

MORE ON BACK ►   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages



**EXHIBIT**
B



| EXAMINED BY | | FORM TX |
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☒ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▶ TX6-146-827      **Year of Registration** ▶ 2005

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Previous registration: TX6-146-827

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Consisting of editorial revisions, annotations, or other modifications

**6**

a

b

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼      Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Kevin P. Crosby, Esq.
200 E. Las Olas Blvd., Suite 1900
Fort Lauderdale, FL 33301

Area code and daytime telephone number ▶ (954) 522-2200      Fax number ▶ (954) 522-9123

Email ▶ kevin.crosby@brinkleymcnerney.com

**7**

a

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
}

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Dr. Charles Humble      Date ▶ 2/11/06

Handwritten signature (X) ▼

X _____

**8**

| Certificate will be mailed in window envelope to this address: | Name ▼  Kevin P. Crosby, Esq. | **9** |
| | Number/Street/Apt ▼  200 E. Las Olas Blvd., Suite 1900 | |
| | City/State/ZIP ▼  Fort Lauderdale, FL 33301 | |

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6222

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: July 2003—xx,xxx    Web Rev: July 2003    ⊕ Printed on recycled paper      U.S. Government Printing Office: 2000-461-113/20,021

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at *www.copyright.gov* write the Copyright Office, or call (202) 707

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

153083488

| TX | | TXU |

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |

COPY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

TITLE OF THIS WORK ▼

CVSA COMPUTER VOICE STRESS ANALYZER SOFTWARE PROGRAM VERSION 2.2.

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

## 2

**a** NAME OF AUTHOR ▼

ORLANDO SOFTWARE GROUP, INC.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ U.S.A.

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases.
1999

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published.
Month ▶ MAY   Day ▶ 15   Year ▶ 1999
U.S.A.    ◀ Nation

## 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

NITV, LLC
11400 FORTUNE CIRCLE
WEST PALM BEACH, FL 33414

APPLICATION RECEIVED
MAR 0 3 2006

ONE DEPOSIT RECEIVED
MAR 0 3 2006

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

BY AGREEMENT

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this
• See detailed instructions.  • Sign the form at line 8.

EXHIBIT
C

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | | FORM TX |
| CHECKED BY | | |
| | CORRESPONDENCE ☐ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☑ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▶ TX6-146-827        Year of Registration ▶ 2005

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

This is an earlier version than the previously registered work.

**6** a b

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼        Account Number ▼

**7** a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼
Kevin P. Crosby, Esq.
200 E. Las Olas Blvd., Suite 1900
Fort Lauderdale, FL 33301

b

Area code and daytime telephone number ▶ (954) 522-2200        Fax number ▶ (954) 522-9123
Email ▶  kevin.crosby@brinkleymcnerney.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☑ owner of exclusive right(s)
☐ authorized agent of

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Dr. Charles Humble        Date▶ 2/17/06

Handwritten signature (X) ▼
X

| Certificate will be mailed in window envelope to this address: | Name ▼ Kevin P. Crosby, Esq. |
| | Number/Street/Apt ▼ 200 E. Las Olas Blvd., Suite 1900 |
| | City/State/ZIP ▼ Fort Lauderdale, FL 33301 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office - TX
101 Independence Avenue, S.E.
Washington, D.C. 20559-6222

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: July 2003—xxx   Web Rev: July 2003   ♻ Printed on recycled paper        U.S. Government Printing Office: 2000-461-113/20,021

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TXu 1-120-654**



TXU 1120654

EFFECTIVE DATE OF REGISTRATION

SEP – 9 2003

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**  **TITLE OF THIS WORK ▼**

NITV Certified Examiners Course Manual

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical serial or collection, give information about the collective work in which the contribution appeared    Title of Collective Work ▼

If published in a periodical or serial give.  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2** **a**  **NAME OF AUTHOR ▼**  National Institute For Truth Verification

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?  ☐ Yes  ☐ No

AUTHOR'S NATIONALITY OR DOMICILE  Name of Country
OR { Citizen of ▶
Domiciled in ▶ United States

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No

**NOTE**

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼
Author created all of the text, the included worksheets and forms

**b**  **NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?  ☐ Yes  ☐ No

AUTHOR'S NATIONALITY OR DOMICILE  Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**  **NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?  ☐ Yes  ☐ No

AUTHOR'S NATIONALITY OR DOMICILE  Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**3** **a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.  2003 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.  Month ▶    Day ▶    Year ▶  ◀ Nation

**4** **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

NITV LLC
11400 Fortune Circle
West Palm Beach, FL 33414

APPLICATION RECEIVED
SEP 09 2003
ONE DEPOSIT RECEIVED
SEP 09 2003
TWO DEPOSITS RECEIVED

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

FUNDS RECEIVED

**EXHIBIT**

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5 9) on the reverse side of this page    See detailed instructions    Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY OCM | FORM TX |
|---|---|
| CHECKED BY | |
| CORRESPONDENCE ☐ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?

☑ Yes  ☐ No  If your answer is "Yes" why is another registration being sought? (Check appropriate box) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant.

c ☑ This is a changed version of the work, as shown by space 6 on this application

If your answer is Yes give Previous Registration Number ▶  TX 5 590-745          Year of Registration ▶ 2001

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

Earlier 2001 edition

**a**

Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

updated materials evolved subsequent to 2001 including latest technical information and Final Exam

**b**

**6**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account.

Name ▼                                        Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Carl J Spagnuolo Esq
McHale & Slavin P A
2855 PGA Blvd
Palm Beach Gardens FL 33410

Area code and daytime telephone number ▶ 561-625 6575          Fax number ▶ 561 625 6572

Email ▶  palmbeach@mspatents.com

**b**

**CERTIFICATION\*** I the undersigned hereby certify that I am the

Check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  NITV, L L C

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date

Carl J Spagnuolo                                        Date ▶ July 28 2003

Handwritten signature (X) ▼

X _Carl J Spagnuolo_

**8**

| Certificate will be mailed in window envelope to this address | Name ▼  Carl J Spagnuolo Esq  McHale & Slavin P A | Complete all necessary spaces Sign your application in space 8 |
|---|---|---|
| | Number/Street/Apt ▼  2855 PGA Blvd | 1 Application form 2 Nonrefundable filing fee in check or money order payable to Register of Copyrights 3 Deposit material |
| | City/State/ZIP ▼  Palm Beach Gardens, FL  33410 | Library of Congress Copyright Office 101 Independence Avenue S E Washington D C 20559-6000 |

**9**

As of July 1 1999 the filing fee for Form TX is $30

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection with the application shall be fined not more than $2 500

June 1999—200 000

WEB REV June 1999        ☼ PRINTED ON RECYCLED PAPER        ☆U S GOVERNMENT PRINTING OFFICE 1999-454-879/49