UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81027-CIV-MARRA

NITV, LLC,

       Plaintiff,

v.

DAVID HUGHES, ROBERT MARTIN, et al.

       Defendants.

_____/

### DEFENDANTS HUGHES, MARTIN, CVSTC, AND VIPRE SALE'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT (DE 211)

       Defendants Vipre-Voice Stress Sales & Training, LLC, David Hughes, Robert Martin and Computer Voice Stress Testing & Consulting, Inc. (collectively "Defendants") file their Answer and Affirmative Defenses to the Third Amended Complaint filed by Plaintiff NITV LLC and state:

### Answer

1. In response to the allegations of Paragraph 1, Defendants admit that Plaintiff purports to bring these claims, but denies that Plaintiff states any such claims.

2. Defendants admit the allegations in Paragraph 2 for jurisdictional purposes only.

3. Defendants have no knowledge of the allegations of Paragraph 3 and thus deny the allegations and demand strict proof thereof.

4. In response to Paragraph 4, Defendants admit the first sentence of the Paragraph. Defendants also admit that Hughes is an officer, director, shareholder and owner of

Defendant CVSTC.  Defendants admit that Hughes is a manager and member of Defendant Vipre Sales.  Defendants admit that Hughes has an email address dh@vipresystems.com and that Vipre Sales maintains office space in the same office building as Vipre Systems.  Defendants deny all remaining allegations in this Paragraph and demand strict proof thereof.

5.  In response to Paragraph 5, Defendants admit the allegations of the first sentence. Defendants deny all remaining allegations and demand strict proof thereof.

6.  Defendants admit the allegations of Paragraph 6.

7.  Defendants admit the allegations of Paragraph 7.

8.  Defendants admit the allegations of Paragraph 8.

9.  In response to Paragraph 9, Defendants admit that the court has jurisdiction over them because they have resided in and/or operated a business in Florida.  Defendants deny all other allegations of this Paragraph and demand strict proof thereof.

10. In response to Paragraph 10, Defendants admit that venue is proper in this forum as to them, but deny all other allegations and demand strict proof thereof.

11. Defendants are without knowledge of the allegations of Paragraph 11 and thus deny the allegations and demand strict proof thereof.

12. Defendants admit the allegations of Paragraph 12.

13. Defendants are without knowledge of the allegations of Paragraph 13 and thus deny the allegations and demand strict proof thereof.

14. Defendants are without knowledge of the allegations of Paragraph 14 and thus deny the allegations and demand strict proof thereof.

15. Defendants are without knowledge of the allegations of Paragraph 15 and thus deny the allegations and demand strict proof thereof.

16. Defendants are without knowledge of the allegations of Paragraph 16 and thus deny the allegations and demand strict proof thereof.

17. Defendants are without knowledge of the allegations of Paragraph 17 and thus deny the allegations and demand strict proof thereof.

18. Defendants are without knowledge of the allegations of Paragraph 18 and thus deny the allegations and demand strict proof thereof.

19. Defendants are without knowledge of the allegations of Paragraph 19 and thus deny the allegations and demand strict proof thereof.

20. Defendants are without knowledge of the allegations of Paragraph 20 and thus deny the allegations and demand strict proof thereof.

21. Defendants are without knowledge of the allegations of Paragraph 21 and thus deny the allegations and demand strict proof thereof.

22. Defendants are without knowledge of the allegations of Paragraph 22 and thus deny the allegations and demand strict proof thereof.

23. Defendants are without knowledge of the allegations of Paragraph 23 and thus deny the allegations and demand strict proof thereof.

24. Defendants are without knowledge of the allegations of Paragraph 24 and thus deny the allegations and demand strict proof thereof.

25. Defendants are without knowledge of the allegations of Paragraph 25 and thus deny the allegations and demand strict proof thereof.

26. Defendants are without knowledge of the allegations of Paragraph 26 and thus deny the allegations and demand strict proof thereof.

27. Defendants are without knowledge of the allegations of Paragraph 27 and thus deny the allegations and demand strict proof thereof.

28. Defendants are without knowledge of the allegations of Paragraph 28 and thus deny the allegations and demand strict proof thereof.

29. Defendants are without knowledge of the allegations of Paragraph 29 and thus deny the allegations and demand strict proof thereof.

30. Defendants are without knowledge of the allegations of Paragraph 30 and thus deny the allegations and demand strict proof thereof.

31. Defendants are without knowledge of the allegations of Paragraph 31 and thus deny the allegations and demand strict proof thereof.

32. Defendants are without knowledge of the allegations of Paragraph 32 and thus deny the allegations and demand strict proof thereof.

33. Defendants are without knowledge of the allegations of Paragraph 33 and thus deny the allegations and demand strict proof thereof.

34. Defendants are without knowledge of the allegations of Paragraph 34 and thus deny the allegations and demand strict proof thereof.

35. Defendants are without knowledge of the allegations of Paragraph 35 and thus deny the allegations and demand strict proof thereof.

36. Defendants deny the allegations of Paragraph 36 and demand strict proof thereof.

37. Defendants deny the allegations of Paragraph 37 and demand strict proof thereof.

38. Defendants admit the allegations of Paragraph 38.

39. In response to Paragraph 39, Defendants admit that Hughes supervised aspects of NITV's business. Defendants deny all remaining allegations and demand strict proof thereof.

40. Defendants admit the allegations of Paragraph 40.

41. In response to Paragraph 41, Defendants admit that Hughes worked with Charles Humble regarding some aspects of the development of the CVSA.  Defendants deny that Hughes supervised all aspects and deny all remaining allegations of Paragraph 41 and demand strict proof thereof.

42. In response to Paragraph 42, Defendants admit that Hughes was involved in the preparation of certification and training programs in the use of the CVSA while he was Executive Director of NITV.  Defendants deny all remaining allegations and demand strict proof thereof.

43. In response to Paragraph 43, Defendants admit that Hughes had access to some of NITV's information.  Defendants otherwise deny these allegations and demand strict proof thereof.

44. Defendants deny the allegations of Paragraph 44 and demand strict proof thereof.

45. In response to Paragraph 45, Defendants admit that Hughes worked with Charles Humble relating to some aspects of the CVSA, but deny all remaining allegations of this Paragraph and demand strict proof thereof. Defendants admit that Hughes had access to the password that permitted him to activate the CVSA program as instructed by Humble.

46. In response to Paragraph 46, Defendants admit that Hughes was involved in taking steps to protect some of NITV's information from disclosure. Defendants deny the remaining allegations and demand strict proof thereof.

47. In response to Paragraph 47, Defendants admit that Hughes was involved with obtaining signed non-disclosure agreements from some of NITV's employees and contractors while he was Executive Director of NITV.  Defendants deny the remaining allegations of this Paragraph and demand strict proof thereof.

48. In response to Paragraph 48, Defendants admit that Hughes was involved with obtaining some "agreements not-to-compete" with NITV from some of NITV's employees and contractors.  Defendants deny the remaining allegations of this Paragraph and demand strict proof thereof.  Moreover, Defendants assert that the agreements themselves are the best evidence of their "expressed purposes."

49. Defendants deny the allegations of Paragraph 49 and demand strict proof thereof.

50. Defendants are without knowledge of the allegations of Paragraph 50 and thus deny the allegations and demand strict proof thereof.

51. Defendants are without knowledge of the allegations of Paragraph 51 and thus deny the allegations and demand strict proof thereof.

52. In response to Paragraph 52, Defendants admit that Hughes wrote some training materials for the CVSA for use by NITV.  Defendants deny the remaining allegations as stated and demand strict proof thereof.

53. In response to the allegations of Paragraph 53, Defendants admit that as part of Hughes's duties as Executive Director of NITV, he had access to certain files and information of NITV. Defendants deny the remaining allegations and demand strict proof thereof.

54. In response to the allegations of Paragraph 54, Defendants admit that as part of Hughes's duties as Executive Director of NITV, he had copies of various information relating to

NITV on discs.  Defendants deny the remaining allegations of Paragraph 54 and demand strict proof thereof.

55. Defendants deny the allegations of Paragraph 55 and demand strict proof thereof.

56. Defendants deny the allegations of Paragraph 56 and demand strict proof thereof.

57. Defendants deny the allegations of Paragraph 57 and demand strict proof thereof.

58. Defendants deny the allegations of Paragraph 58 and demand strict proof thereof.

59. Defendants deny the allegations of Paragraph 59 and demand strict proof thereof.

60. Defendants deny the allegations of Paragraph 60 and demand strict proof thereof.

61. Defendants deny the allegations of Paragraph 61 and demand strict proof thereof.

62. In response to the Allegations of Paragraph 62, Defendants admit that Robert Martin was employed by NITV until December 2005.  Defendants admit that Martin reported to Hughes while he was employed by NITV.  Defendants deny all remaining allegations of Paragraph 62 and demand strict proof thereof.

63. In response to the allegations of Paragraph 63, Defendants admit that Martin entered into an Instructor Agreement with NITV.  Defendants deny the remaining allegations of Paragraph 63 and demand strict proof thereof.

64. In response to the allegations of Paragraph 64, Defendants assert that the Instructor Agreement is the best evidence of its terms and deny all allegations which are inconsistent with the express terms of the Agreement.

65. In response to Paragraph 65, Defendants admit that Martin is an independent contractor of Vipre Sales. Defendants admit that Martin sent a letter to NITV terminating his employment on or about December 28, 2005.  Defendants admit that Martin had a disc that permitted him to install the CVSA program onto  his own laptop per his agreement

with NITV. Defendants deny all remaining allegations in Paragraph 65 and demand strict proof thereof.

66.  Defendants admit the first sentence of Paragraph 66. Defendants admit the third sentence of Paragraph 66. Defendants deny the remaining allegations of Paragraph 66 and demand strict proof thereof.

67. Defendants deny the allegations of Paragraph 67 and demand strict proof thereof.

68. Defendants deny the allegations of Paragraph 68 and demand strict proof thereof.

69. Defendants admit that CVSTC held a VSA Examiner's Course on March 13, 2006 through March 17, 2006 in Carrollton, Georgia. Defendants admit that Hughes appeared on behalf of CVSTC as an instructor for the course and that Hughes handed out business cards for himself on the first day of the course indicating that he was president of CVSTC and an instructor for CVSTC.  Defendants admit that Hughes's card said that he provided Voice Stress Analysis Training and certification in basic, refresher and advanced courses. Defendants deny that Martin appeared at the course as an instructor for CVSTC and all remaining allegations in this Paragraph and demand strict proof thereof.

70. In response to Paragraph 70, Defendants admit that Hughes told the class that he had worked for NITV in the past, but was no longer in its employ.  Defendants deny all remaining allegations and demand strict proof thereof.

71. Defendants deny the allegations of Paragraph 71 and demand strict proof thereof.

72. Defendants deny the allegations of Paragraph 72 and demand strict proof thereof.

73. Defendants deny the allegations of Paragraph 73 and demand strict proof thereof.

74. Defendants deny the allegations of Paragraph 74 and demand strict proof thereof.

75. In response to Paragraph 75, Defendants admit that Hughes told the class that CVSTC intended to eventually produce a VSA and that he was meeting with a software specialist regarding that. Defendants admit that John Slater asked whether CVSA units were available for purchase and, in response, Martin told him that CVSA units could be purchased from NITV and that he believed John Ryan still had CVSA units for sale. Martin said that he was unsure which version of the software was in the units. Martin said that he would provide email information for both companies, as well as phone numbers for NITV, to anyone interested. Martin also told class, in response to John Slater's question, that Bill Endler was the contact person at NITV to purchase a CVSA from NITV. Defendants deny the remaining allegations of Paragraph 75 and demand strict proof thereof.

76. Defendants admit the allegations of Paragraph 76.

77. Defendants admit the allegations of Paragraph 77.

78. Defendants admit the allegations of Paragraph 78.

79. Defendants are without knowledge of the allegations of Paragraph 79 and demand strict proof thereof.

80. Defendants deny the allegations of Paragraph 80 and demand strict proof thereof.

81. Defendants deny the allegations of Paragraph 81 and demand strict proof thereof.

82. Defendants deny the allegations of Paragraph 82 and demand strict proof thereof.

83. Defendants deny the allegations of Paragraph 83 and demand strict proof thereof.

84. Defendants deny the allegations of Paragraph 84 and demand strict proof thereof.

85. Defendants deny the allegations of Paragraph 85 and demand strict proof thereof.

86. Defendants deny the allegations of Paragraph 86 and demand strict proof thereof.

87. Defendants deny the allegations of Paragraph 87 and demand strict proof thereof.

88. In response to Paragraph 88, Defendants admit that the purpose of Vipre Sales is to market and promote sales of the Vipre VSA. Defendants admit that Vipre Sales has stated that an examiner already certified by the IACVSA can learn to operate the Vipre VSA unit over the telephone. Defendants are without knowledge of the remaining allegations of Paragraph 88 and thus deny those allegations and demand strict proof thereof.

89. Defendants are without knowledge of the allegations of Paragraph 89 and thus deny those allegations and demand strict proof thereof.

90. Defendants deny the allegations of Paragraph 90 and demand strict proof thereof.

91. Defendants deny the allegations of Paragraph 91 and demand strict proof thereof.

92. Defendants deny the allegations of Paragraph 92 and demand strict proof thereof.

93. Defendants deny the allegations of Paragraph 93 and demand strict proof thereof.

94. Defendants deny the allegations of Paragraph 94 and demand strict proof thereof.

95. Defendants deny the allegations of Paragraph 95 and demand strict proof thereof.

96. Defendants deny the allegations of Paragraph 96 and demand strict proof thereof.

97. Defendants deny the allegations of Paragraph 97 and demand strict proof thereof.

98. Defendants deny the allegations of Paragraph 98 and demand strict proof thereof.

99. Defendants deny the allegations of Paragraph 99 and demand strict proof thereof.

100.      In response to Paragraph 100, Defendants admit that Vipre Systems created a voice stress analysis program called Vipre. Defendants deny that Hughes created the Vipre. Defendants are without knowledge of the remaining allegations of Paragraph 100 and thus deny those allegations and demand strict proof thereof.

101.    Defendants deny the allegations of Paragraph 101 and demand strict proof thereof.

102.    Defendants deny the allegations of Paragraph 102 and demand strict proof thereof.

103.    In response to Paragraph 103, Defendants admit the allegations of the first sentence.  Defendants deny the remaining allegations of Paragraph 103 and demand strict proof thereof.

104.    In response to Paragraph 104, Defendants admit that Vipre Sales has offices in the same building and office suite as Vipre Systems.  Defendants deny the remaining allegations of Paragraph 104 and demand strict proof thereof.

105.    In response to Paragraph 105, Defendants are without knowledge of the allegations in the first sentence and thus deny those allegations and demand strict proof thereof.  Defendants deny the remaining allegations of Paragraph 105 and demand strict proof thereof.

106.    Defendants deny the allegations of Paragraph 106 and demand strict proof thereof.

107.    Defendants denies the allegations of Paragraph 107 and demands strict proof thereof.

108.    Defendants deny the allegations of the first phrase of Paragraph 108 and demand strict proof thereof.  Defendants are without knowledge of the remaining allegations of Paragraph 108 and thus deny those allegations and demand strict proof thereof.

109.    Defendants are without knowledge of the allegations of Paragraph 109 and thus deny those allegations and demand strict proof thereof.

110.     Defendants are without knowledge of the allegations of Paragraph 110 and thus deny those allegations and demand strict proof thereof.

111.     In response to Paragraph 111, Defendants admit that Hughes provided some information about the Vipre unit at the September 2006 demonstration. Defendants deny the remaining allegations of the Paragraph and demand strict proof thereof.

112.     Defendants deny the allegations of Paragraph 112 and demand strict proof thereof.

113.     Defendants are without knowledge of the allegations of Paragraph 113 and thus deny those allegations and demand strict proof thereof.

114.     Defendants deny the allegations of Paragraph 114 and demand strict proof thereof.

115.     Defendants are without knowledge of the allegations of Paragraph 115 and thus deny those allegations and demand strict proof thereof.

116.     Defendants deny the allegations of Paragraph 116 and demand strict proof thereof.

117.     In response to Paragraph 117, the responses to the allegations of Paragraphs 1 through 116 are incorporated herein by reference with the same force and effect as if set forth in full herein.

118.     Defendants deny the allegations of Paragraph 118 and demand strict proof thereof.

119.     Defendants deny the allegations of Paragraph 119 and demand strict proof thereof.

120.     Defendants deny the allegations of Paragraph 120 and demand strict proof thereof.

121.     Defendants deny the allegations of Paragraph 121 and demand strict proof thereof.

122.     Defendants deny the allegations of Paragraph 122 and demand strict proof thereof.

123.     Defendants deny the allegations of Paragraph 123 and demand strict proof thereof.

124.     Defendants deny the allegations of Paragraph 124 and demand strict proof thereof.

125.     Defendants deny the allegations of Paragraph 125 and demand strict proof thereof.

126.     Defendants deny the allegations of Paragraph 126 and demand strict proof thereof.

127.     Defendants deny the allegations of Paragraph 127 and demand strict proof thereof.

128.     In response to Paragraph 128, the responses to the allegations of Paragraphs 1 through 116 are incorporated herein by reference with the same force and effect as if set forth in full herein.

129.     Defendants deny the allegations of Paragraph 129 and demand strict proof thereof.

130.     Defendants deny the allegations of Paragraph 130 and demand strict proof thereof.

131.     Defendants deny the allegations of Paragraph 131 and demand strict proof thereof.

132.     Defendants deny the allegations of Paragraph 132 and demand strict proof thereof.

133.     Defendants deny the allegations of Paragraph 133 and demand strict proof thereof.

134.     Defendants deny the allegations of Paragraph 134 and demand strict proof thereof.

135.     Defendants deny the allegations of Paragraph 135 and demand strict proof thereof.

136.     Defendants deny the allegations of Paragraph 136 and demand strict proof thereof.

137.     Defendants deny the allegations of Paragraph 137 and demand strict proof thereof.

138.     Defendants deny the allegations of Paragraph 138 and demand strict proof thereof.

139.     Defendants deny the allegations of Paragraph 139 and demand strict proof thereof.

140.     Defendants deny the allegations of Paragraph 140 and demand strict proof thereof.

141.     Defendants deny the allegations of Paragraph 141 and demand strict proof thereof.

142.     Defendants deny the allegations of Paragraph 142 and demand strict proof thereof.

143.     In response to Paragraph 143, the responses to the allegations of Paragraphs 1 through 116 are incorporated herein by reference with the same force and effect as if set forth in full herein.

144.     Defendants deny the allegations of Paragraph 144 and demand strict proof thereof.

145.     Defendants are without knowledge of the allegations in Paragraph 145 and thus deny those allegations and demand strict proof thereof.

146.     Defendants are without knowledge of the allegations in Paragraph 146 and thus deny those allegations and demand strict proof thereof.

147.     Defendants deny the allegations of Paragraph 147 and demand strict proof thereof.

148.     Defendants deny the allegations of Paragraph 148 and demand strict proof thereof.

149.     Defendants deny the allegations of Paragraph 149 and demand strict proof thereof.

150.     Defendants deny the allegations of Paragraph 150 and demand strict proof thereof.

151.     Defendants deny the allegations of Paragraph 151 and demand strict proof thereof.

152.     Defendants deny the allegations of Paragraph 152 and demand strict proof thereof.

153.     Defendants deny the allegations of Paragraph 153 and demand strict proof thereof.

154.     Defendants deny the allegations of Paragraph 154 and demand strict proof thereof.

155.     Defendants deny the allegations of Paragraph 155 and demand strict proof thereof.

156.     In response to Paragraph 156, the responses to the allegations of Paragraphs 1 through 116 are incorporated herein by reference with the same force and effect as if set forth in full herein.

157.     Defendants deny the allegations of Paragraph 157 and demand strict proof thereof.

158.     In response to Paragraph 158, Defendants admit the jurisdiction of this Court, but deny that Plaintiff states any claims against Defendants.

159.     Defendants are without knowledge of the allegations of Paragraph 159 and thus deny the allegations and demand strict proof thereof.

160.     Defendants deny the allegations of Paragraph 160 and demand strict proof thereof.

161.     Defendants deny the allegations of Paragraph 161 and demand strict proof thereof.

162.     Defendants deny the allegations of Paragraph 162 and demand strict proof thereof.

163.     Defendants deny the allegations of Paragraph 163 and demand strict proof thereof.

164.    Defendants deny the allegations of Paragraph 164 and demand strict proof thereof.

165.    Defendants deny the allegations of Paragraph 165 and demand strict proof thereof.

166.    Defendants deny the allegations of Paragraph 166 and demand strict proof thereof.

167.    Defendants deny the allegations of Paragraph 167 and demand strict proof thereof.

168.    Defendants deny the allegations of Paragraph 168 and demand strict proof thereof.

169.    Defendants deny the allegations of Paragraph 169 and demand strict proof thereof.

170.    Defendants deny the allegations of Paragraph 170 and demand strict proof thereof.

171.    In response to Paragraph 171, the responses to the allegations of Paragraphs 1 through 116 are incorporated herein by reference with the same force and effect as if set forth in full herein.

172.    Defendants admit the allegations of Paragraph 172.

173.    In response to Paragraph 173, Defendants assert that Instructor Agreement is the best evidence of its terms and deny any allegations inconsistent with the terms of the Agreement itself.

174.    Defendants deny the allegations of Paragraph 174 and demand strict proof thereof.

175.     Defendants deny the allegations of Paragraph 175 and demand strict proof thereof.

176.     Defendants deny the allegations of Paragraph 176 and demand strict proof thereof.

177.     Defendants deny the allegations of Paragraph 177 and demand strict proof thereof.

178.     Defendants deny the allegations of Paragraph 178 and demand strict proof thereof.

179.     Defendants deny the allegations of Paragraph 179 and demand strict proof thereof.

## **Affirmative Defenses**

### Affirmative Defense No. 1: Failure to State a Cause of Action (Count II)

Count II (Computer Fraud and Abuse Act) fails to state a cause of action. Some of the reasons include, but are not limited to:

(a) Plaintiff fails to allege factual assertions setting forth the elements of this claim.

(b) Count IV fails to state a cause of action since Plaintiff does not allege any "loss" as required by the statutory definition of "loss", which is a prerequisite to bringing a civil action under the Act.

### Affirmative Defense No. 2: Repudiation (Count V)

Plaintiff repudiated its instructor contract with Martin by failing to pay Martin in accordance with the terms of the agreement, so that Plaintiff is precluded from bringing a breach of contract claim against Martin.  Further, Plaintiff failed to pay overtime and expenses to Martin

as required. Martin was, at all relevant times, ready, willing and able to perform the contract and satisfied all conditions precedent to asserting this defense.

Affirmative Defense No. 3: First Breach (Count V)

Plaintiff breached its instructor contract with Martin by failing to pay Martin in accordance with the terms of the agreement, so that Plaintiff is precluded from bringing a breach of contract claim against Martin. Plaintiff's breach occurred prior to any alleged breach by Martin. Further, Plaintiff failed to pay overtime and expenses to Martin as required. Martin was, at all relevant times, ready, willing and able to perform the contract and satisfied all conditions precedent to asserting this defense.

Affirmative Defense No. 4: First Sale (Counts I, II and III)

Plaintiff is precluded from bringing Counts I, II and III of its Complaint by the first sale doctrine. Defendants Martin and Hughes each own a copy of a version of the CVSA Software and are permitted to take use that copy accordingly.

Affirmative Defense No. 5: Public Domain (Counts I, II and III)

Plaintiff is precluded from bringing Counts I, II and III of its Complaint since the software program allegedly infringed is in the public domain since (a) Plaintiff has failed to protect its purported copyright registration and (b) upon information and belief, the software program is derived from a work that was in the public domain.

Affirmative Defense No. 6: Invalid Registration (Counts I, II and III)

Plaintiff is precluded from bringing Counts I, II, and III of its Complaint since Plaintiff does not have a valid copyright registration for the software program.

<u>Affirmative Defense No. 7: Fair Use (Counts I, II, III and IV)</u>

Plaintiff is precluded from bringing Counts I, II, III and IV of its Complaint by the fair use doctrine since any use of the "NITV" service mark or the CVSA Software program was for solely educational purposes.

<u>Affirmative Defense No. 8: 17 USC §117(a)(2) (Counts I, II and III)</u>

Plaintiff's claims are precluded by 17 USC §117(a)(2).  Any copies of the allegedly copyrighted materials made by Defendants fall within the protection of this statute.

<u>Affirmative Defense No. 9: Unclean Hands (Counts I, II, III and V)</u>

Plaintiff's claims are barred by virtue of Plaintiff's unclean hands, as Plaintiff solicited the actions alleged in ¶ 72-73 of the Third Amended Complaint.  Plaintiff was thus a participant in any alleged copyright infringement, so that Plaintiff cannot sue on those actions.  By its participation, Plaintiff represented that the actions taken were not improper, Defendants relied on those representations to their detriment and Plaintiff has now attempted to change its position. Additionally, Plaintiff previously represented that Defendants Hughes and Martin each owned a copy of the software at issue.  Defendants Hughes and Martin relied on those representations to their detriment, as Plaintiff is now attempting to change its position.

<u>Affirmative Defense No. 10: Estoppel (Counts I, II, III and V)</u>

Plaintiff is estopped from bringing its claims since Plaintiff's agent solicited the actions alleged in ¶72-73 of the Third Amended Complaint.  Plaintiff was thus a participant in any alleged copyright infringement, so that Plaintiff cannot sue on those actions.  By its participation, Plaintiff represented that the actions taken were not improper, Defendants relied on those representations to their detriment and Plaintiff has now attempted to change its position. Additionally, Plaintiff previously represented that Defendants Hughes and Martin each owned a

copy of the software at issue.  Defendants Hughes and Martin relied on those representations to their detriment, as Plaintiff is now attempting to change its position.

Affirmative Defense No. 11: Fraud on the Copyright Office (Counts I, II, and III)

Plaintiff committed fraud on the Copyright Office by failing to disclose the prior versions of the software program it now seeks to protect in its Application.  As a result of this misrepresentation and others that may be discovered through the discovery process, Plaintiff's registration was fraudulently obtained and is invalid.

Affirmative Defense No. 12: Estoppel (Count IV)

Plaintiff is estopped from bringing its claims in Count IV. For example, Plaintiff previously represented that the showing of its service mark "NITV" was permissible as part of the San Francisco Police Department film.  Defendants relied on that representation to their detriment and Plaintiff is now changing its position.

Affirmative Defense No. 13: Good Faith (Count IV)

Defendants acted in good faith in their use, if any, of the "NITV" service mark.

Affirmative Defense No. 14: De Minimis (Count IV)

Any use of the "NITV" service mark by Defendants was de minimis.

Affirmative Defense No. 15: Consent (Count IV)

Plaintiff consented to the use of the "NITV" service mark within the film for the San Francisco Police Department, so that it cannot now claim infringement of the trademark.

Affirmative Defense No. 16: Acquiescence (Count IV)

Plaintiff acquiesced to the use of the "NITV" service mark.  Plaintiff acquiesced to the use of the mark within the film for the San Francisco Police Department, so that it cannot now claim infringement of the trademark.

Affirmative Defense No. 17: Waiver (Count III)

Plaintiff waived its claims in Count III by failing to redact source code as trade secrets when it submitted its deposit to the Copyright Office and failing to notify the Copyright Office in a cover letter that the source code contained trade secrets.

Affirmative Defense No. 18: Consent (Count II)

Plaintiff consented to Hughes's accessing the NITV computers and obtaining copies of NITV information from the computers.

Affirmative Defense No. 19: Estoppel (Count II)

Plaintiff is estopped from claiming that Hughes's access to NITV computers was unauthorized or improper.  Plaintiff represented that, as Executive Director, Hughes had the authority to access the computers during the length of his employment. Plaintiff is now claiming that such access was improper. Hughes relied on Plaintiff's prior representations to his detriment.

Affirmative Defense No. 20: Waiver (Count II)

Plaintiff waived its right to claim that Hughes did not have authority to access NITV computers and obtain copies of NITV information. Plaintiff knew of its right and consented to the access.

## Claim for Attorneys' Fees and Costs

Defendants are entitled to recover their reasonable attorneys' fees and costs relating to this litigation based on 17 USC §1203(b), 15 USC §1117, and 17 USC §505.  Defendants have been forced to hire counsel to represent them in this matter and are obligated to pay the reasonable attorneys' fees and costs incurred by the undersigned counsel and predecessor counsel.

**<u>Response to Plaintiff's Claim for Attorneys' Fees and Costs</u>**

In response to Plaintiff's claim for attorneys' fees and costs pursuant to Count IV, Defendants deny that there is any basis for claiming entitlement.   As to all other claims, Defendants generally deny that Plaintiff is entitled to recover any attorneys' fees or costs.

**<u>JURY DEMAND</u>**

CVSTC, Vipre Sales, Hughes and Martin hereby demand a trial by jury of all issues so triable.

By:       <u>s/Jennifer Ramach</u>
Michael W. Marcil
Florida Bar No.  0091723
mmarcil@gunster.com
Jennifer Ramach
Florida Bar No. 114758
jramach@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida  33301-4206
Telephone No.:  954-462-2000
Facsimile No.:  954-523-1722
Attorneys for Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the  25th day of  September 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Joel B. Rothman, Kevin Crosby, Scott Zappalo, and Brian Gilchrist.

<u>s/Jennifer Ramach</u>
Jennifer Ramach

FTL 330656.1

23